## Isaac Flitner vs. John Hanly, Ex'r.

A claim for services rendered by a physician in the last sickness of the testator or intestate, is a preferred debt, and not subject to a payment *pro rata*, under a commission of insolvency.

And if the creditor, before the estate is rendered insolvent, hands such preferred claim to the executor and demands payment, no presumption of law arises, that the creditor intended that the claim should be laid before the commissioners; and he is not bound by any acts of theirs in relation to his claim, thus coming before them from the executor without authority.

Exceptions from the Middle District Court, REDINGTON J. presiding.

Assumpsit by the plaintiff, a physician and surgeon, for attendance in that character upon the testator in his last sickness. The plaintiff's account was allowed by the commissioners among the general claims against the estate. The commissioners were directed in their warrant to designate in their report all claims for debts incurred in the last sickness.

The facts appear sufficiently in the opinion of the Court.

The exceptions set forth, that the Judge, in his charge to the jury, stated, that the estate of *Sprague*, the testator, having been represented insolvent, if the plaintiff's account was for services rendered during the last sickness of the said *Sprague*, he had a right to bring his action in this form, or to present his claim before the commissioners, at his election; that if he presented his claim, or caused it to be presented to the commissioners for allowance, he would be bound by their adjudication, unless he had appealed from it; that the commissioners having allowed it, not as a preferred claim, he must be content with a *pro rata* distribution, if it was by his consent that the claim was laid before the commissioners for allowance; that a frequent mode of getting claims before commissioners was to hand them to the executor or administrator to be by him presented; that such act on the part of the administrator was no part of his official duty; that in doing it he was merely the agent of the claimant, and that for any failure in that respect, the estate would not be liable. He therefore directed the jury to find from the testimony, whether the claim was presented to the commissioners for allowance by the consent of the plaintiff; and that if so, he could not recover in this action.

The jury returned a verdict for the defendant, and in answer to an inquiry by the Court, replied, that the services were rendered in *Sprague's* last sickness, and that the plaintiff ought to have proceeded before the commissioners. The Judge then inquired, whether the jury intended to be understood, that the plaintiff consented that his claim should go before the commissioners for allowance, and that therefore he ought to have attended, and shown before them, that his was a preferred claim. The answer was in the affirmative.

The plaintiff filed exceptions, and a motion came up in the case for a new trial, because the verdict was against evidence.

*J. S. Abbott*, for the plaintiff, cited *Gold* v. *McMechan*, 1 *Mass. R.* 23; *Parsons* v. *Mills*, *ib.* 431; *Same case*, 2 *Mass. R.* 80; *stat.* 1821, *c.* 51, § 25.

*M. H. Smith*, for the defendant, contended, that the instructions were right, and that if there were any objections, they were against the finding of the jury. The case comes up under exceptions. The granting or refusing to grant a new trial, is a mere act of discretion not subject to revision here. Insisting upon the exceptions is a waiver of a motion for a new trial. *State* v. *Call*, 14 *Maine R.* 421.

The opinion of the Court was drawn up by

Weston C. J. — The claim of the plaintiff being for services, rendered by him as a physician, in the testator's last sickness, is a preferred debt and not subject to payment *pro rata*, under a commission of insolvency.

It appears that the plaintiff, before the estate was represented insolvent, gave his account to the executor and demanded payment. No other act or declaration of his is proved, until after the decree of distribution. It further appears, that the executor himself laid the account, which he had thus received, before the commissioners. The Judge instructed the jury, that in so doing he must be presumed to have acted as the agent of the plaintiff, who must be understood to have passed the account to him for this purpose.

This is based upon the mere rendition of an account by the plaintiff, before a representation of insolvency; and as the executor would have been justified in paying it at once, and payment

was demanded by the plaintiff, we find nothing to justify the deductions, which the jury were instructed they might draw from this act and the subsequent act of the executor. It does not appear, that when the plaintiff presented his account, he knew or suspected, that there would be a commission of insolvency. And if he did, a demand of payment rather negatives, than justifies the implication, that he *intended* to submit his account to the judgment of commissioners. It certainly affords no affirmative evidence, that such was his intention.

*Exceptions sustained.*